UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAMANJEET KAUR,

                Petitioner,

    v.

LAURA HERMOSILLO, *et al.*,

                Respondents.

CASE NO. 2:26-cv-00891-GJL

ORDER DENYING PETITION FOR HABEAS CORPUS

Petitioner Ramanjeet Kaur is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1. On March 17, 2026, Petitioner, through counsel, filed a Petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Section 2241"), seeking an injunction prohibiting Respondents from transferring Petitioner to a detention facility outside of the Western District of Washington. *Id.*

Respondents to the Petition include Julio Hernandez (Acting Field Office Director for ICE's Seattle Field Office), Todd Lyons (Acting ICE Director), Bruce Scott (Warden of the NWIPC), Markwayne Mullin (U.S. Department of Homeland Security ("DHS") Secretary), Todd

ORDER DENYING PETITION FOR HABEAS
CORPUS - 1

Blanche (Acting U.S. Attorney General), and DHS (collectively "Respondents").[1] The Petition has been fully briefed. Dkts. 1, 6, 9. The parties have consented to proceed in this matter before a United States Magistrate Judge. Dkt. 4.

Having considered the parties' submissions, the balance of the record, and the governing law, the Petition is **DENIED**.

## I.      FACTUAL BACKGROUND

Petitioner, a native and citizen of India, applied for admission to the United States on August 4, 2014. Dkt. 1 at ¶ 21; Dkt. 8 at ¶ 4. On August 15, 2014, Petitioner was served with a Notice to Appear charging her with removal pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I), and she was detained at the Eloy Federal Contract Facility in Arizona. Dkt. 1 at ¶¶ 22, 23; Dkt. 8 at ¶¶ 5, 6. On March 11, 2015, Petitioner received a bond hearing and was released from custody upon posting a $50,000 bond the next day. Dkt. 1 at ¶ 23; Dkt. 8 at ¶ 10.

Petitioner relocated to Washington after her release, and her attorney in Arizona advised her that she would not need to travel to Arizona for her hearing on April 16, 2015, because her new attorney in Washington would request a change in venue. Dkt. 1 at ¶ 24. Petitioner's new attorney submitted a motion for change of venue on March 26, 2025, but the IJ denied Petitioner's motion on April 2, 2015, clarifying in the order that Petitioner would still be required to appear in person at the merits hearing in Arizona. Dkt. 1 at ¶¶ 23, 24; Dkt. 8 at ¶ 11. Petitioner alleges she was not informed by her attorney that her motion to change venue had been denied or that she remained obligated to appear in person at the merits hearing in Arizona. Dkt. 1-4 at 2;

[1] The Petition lists Pamela Bondi, former United States Attorney General, Kristi Noem, former Secretary of United States Department of Homeland Security, and Laura Hermosillo, former Acting Field Office Director for ICE's Seattle Field Office, as Respondents. The above-listed Respondents have been substituted under Federal Rule of Civil Procedure 25(d).

ORDER DENYING PETITION FOR HABEAS
CORPUS - 2

Dkt. 8 at ¶ 12. When Petitioner failed to appear, the IJ ordered her removed *in absentia* on April 16, 2025. *Id.*; Dkt. 1-7.

Over the next ten years, Petitioner alleges her attorney concealed from her the reality that his failure to advise her of the need to appear in Arizona directly caused her removal order *in absentia*. Dkt. 1-4 at 3. Instead, he filed a series of unsuccessful appeals and motions to reopen Petitioner's case on other grounds. Dkt. 1-4 at 3; Dkt. 8 at ¶¶ 13–24 (listing petitions for review and motion to reopen filed from 2015 through 2025). On July 12, 2018, ICE placed Petitioner on an order of supervision ("OSUP"). Dkt. 8 at ¶ 18.

On February 27, 2026, Petitioner reported to ICE at the Seattle Field Office. Dkt. 8 at ¶ 25. After reviewing her file, ICE noted Petitioner had a final order of removal without a stay of removal order, so ICE detained Petitioner, revoked her OSUP, transferred her to NWIPC, and scheduled her for a removal flight to India in March 2026. Dkt. 8 at ¶¶ 25–27. After consulting with attorneys at NWIPC, Petitioner finally discovered that it was in fact her attorney's failure to advise her to attend the Arizona merits hearing in April 2015 that resulted in the IJ ordering her removal *in absentia*. Dkt. 1 at ¶ 29; Dkt. 1-4 at 3. She retained new counsel and filed a motion to reopen proceedings based on ineffective assistance of counsel and a motion to stay removal with the Board of Immigration Appeals ("BIA"). Dkt. 1-6; Dkt. 8 at 28.

On March 16, 2026, ICE officers informed Petitioner that she would be transferred to a detention facility in another state as soon as the following day. Dkt. 1 at ¶ 2; Dkt. 1-9. Petitioner filed an emergency motion with the BIA on March 17, 2026, and the BIA granted a stay of removal on March 23, 2026. Dkt. 8 at ¶ 28. Respondents allege Petitioner will not be removed until the BIA lifts the stay. Dkt. 7 at 3; Dkt. 8 at ¶ 29.

//

ORDER DENYING PETITION FOR HABEAS
CORPUS - 3

## II.   PROCEDURAL HISTORY

The instant Petition was filed pursuant to Section 2241 on March 17, 2026. Dkt. 1. The Petition seeks an order from this Court ensuring "Petitioner is able to physically communicate with her current counsel and meaningfully pursue her pending Motion to Reopen before the [BIA]." Dkt. 1 at 13–14. The Petition does not seek Petitioner's release from custody. *Id.*

Petitioner also filed an Emergency Motion for a Temporary Restraining Order ("TRO") seeking to temporarily enjoin Respondents from transferring Petitioner outside the Western District of Washington without forty-eight hours' advance notice and the consent of counsel, or prior leave of this Court. Dkt. 2. On March 17, 2026, the court entered a scheduling order requiring at least forty-eight hours' notice prior to any action to move or transfer Petitioner from the Western District of Washington or to remove her from the United States. Dkt. 3. Petitioner's Motion for a TRO was therefore denied as moot. Dkt. 4.

On March 31, Respondents filed a Return arguing that Petitioner's habeas claim is inextricably linked to her order of removal and thus improperly seeks to stay removal to India while her motion to reopen is pending. Dkt. 7 at 6. On April 3, 2026, Petitioner filed a Traverse. Dkt. 9.

## III.   LEGAL STANDARD

Federal courts have authority to grant writs of habeas corpus to individuals in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). The Due Process Clause of the Fifth Amendment to the United States Constitution prohibits the federal government from depriving any person "of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. Due process protections extend

ORDER DENYING PETITION FOR HABEAS
CORPUS - 4

to all individuals within U.S. borders, including noncitizens, regardless of their immigration status. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

## IV.   DISCUSSION

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and thus to warrant relief, a petitioner must demonstrate that their detention is unlawful. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004) ("In state collateral litigation, as well as federal habeas proceedings, it is the petitioner who bears the burden of proving his case."). Here, however, Petitioner does not challenge the legal basis of her instant detention or seek release from continued custody. Dkt. 1 at 13–14; Dkt. 9 at 2. Rather, Petitioner seeks a court order limiting ICE's ability to transfer her from NWIPC to another detention facility in the United States during her ongoing immigration proceedings. *Id*. Petitioner argues a transfer would "sever[] her constitutional right to counsel and unnecessarily isolate[e] her from her two minor children." *Id.* In the Traverse, Petitioner frames her habeas Petition as raising a "non-core" habeas conditions of confinement claim under Section 2241. Dkt. 9 at 2.

Generally, challenges to the legality or duration of confinement are pursued in a habeas proceeding, *see Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979), while challenges to *conditions of confinement* are pursued in a civil rights action. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991). "Release is the only available remedy—and thus a claim is at the core of habeas—if a successful petition demonstrates that the *detention itself* is without legal authorization," *Pinson v. Carvajal*, 69 F.4th 1059, 1070 (9th Cir. 2023), but Petitioner does not

//

ORDER DENYING PETITION FOR HABEAS
CORPUS - 5

challenge the underlying legal basis or authority for her immigration detention in this case. As a result, a habeas petition under Section 2241 is not the appropriate vehicle for her claim.[2]

Courts in this District have observed that "[n]either the United States Supreme Court, nor the Ninth Circuit, has resolved the question of whether a conditions of confinement claim may be brought as a claim requesting release in habeas corpus." *Tavurov v. Noem*, --- F.Supp.3d ----, No. 2:26-cv-00138-TLF, 2026 WL 323054, at *9 (W.D. Wash. Feb. 6, 2026) (citing *Bell v. Wolfish*, 441 U.S. 520, 526 n.6, (1979); *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016); *Dawson v. Asher*, 2020 WL 1704324, at *8-9 (W.D. Wash. Apr. 8, 2020); *Herrera v. Mayorkas*, No. 24-cv-1933-JNW-MLP, 2025 WL 2382093, at *8–9 (W.D. Wash. May 19, 2025)); *see also Sarr v. Scott*, 765 F. Supp. 3d 1091, 1103 (Mem) (W.D. Wash. 2025). But critically, the Petition in this case does not seek immediate release, or even conditional release if Respondents fail to cure the conditions of her confinement. While an action can sound in habeas regardless of the relief requested, "success [in a habeas] action would necessarily demonstrate the invalidity of confinement or its duration." *Pinson*, 69 F.4th at 1071 (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)).

As the Ninth Circuit recently explained:

*Pinson* solidified the rule that a habeas claim is one challenging the fact of confinement, rather than the conditions of confinement. In *Pinson*, two inmates

---

[2] *See also Candido de Sousa v. Warden, CA City ICE Detention Facility*, No. 1:26-cv-1560 DJC CKD P, 2026 WL 1021069, at *1–2 (E.D. Cal. Apr. 15, 2026) (denying habeas relief for a noncitizen's conditions of confinement claim that would be properly challenged through a civil rights action or a claim under Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680); *Bartu v. Bondi*, No. 25-cv-3198 (PJS/DTS), 2025 WL 3640930, at *4 (D. Minn. Dec. 16, 2025) (dismissing conditions of confinement claim for lack of jurisdiction where Section 2241 petition seeking a facility transfer failed to demonstrate "that the United States government cannot lawfully confine [petitioner] at any facility, and thus that he must be released from confinement altogether") (internal quotation and citation omitted); *Polania v. Noem*, No. 6:25-cv-786-CEM-LHP, 2025 WL 4054419, at *4 (M.D. Fla. July 8, 2025) (rejecting Petitioner's request under Section 2241 to prohibit transfer out of district as noncitizen does not have a right to be housed in any particular facility and the court did not have authority to order her housed in any particular facility); *Rathod v. Barr*, No. 1:20-cv-161-P, 2020 WL 1492790, at *2 (W.D. La. Mar. 5, 2020) (denying immigration detainee's request to enjoin ICE from transferring him to another facility), *report and recommendation adopted*, No. 1:20-cv-161-P, 2020 WL 1501891 (W.D. La. Mar. 25, 2020).

ORDER DENYING PETITION FOR HABEAS
CORPUS - 6

sought habeas relief, arguing that the conditions of their incarceration during the COVID-19 pandemic violated the Eighth Amendment. *Pinson*, 69 F.4th at 1062. This court rejected claimant Sands's argument that only habeas relief could ameliorate the harm inflicted on him by the government's ongoing failure to sufficiently treat his underlying illnesses and protect him from exposure to the coronavirus. *Id.* at 1063, 1065–66, 1075. In so doing, this court affirmed the district court's dismissal of claimant Sands's habeas petition for lack of jurisdiction, delineating that "the relevant question is whether, based on the allegations in the petition, release is *legally required* irrespective of the relief requested." *Id.* at 1072, 1076. In dismissing the petition, this court concluded that claimant Sands appeared to challenge only the conditions of his confinement and not the underlying legal basis for that confinement, and therefore his claim was "outside the core of habeas." *Id.* at 1073.

*Doe v. Garland*, 109 F.4th 1188, 1194 (9th Cir. 2024). Like Sands in *Pinson*, Petitioner's claim is limited to the conditions of her confinement rather than the fact of her confinement itself as required for habeas jurisdiction under Section 2241. *See* Dkt. 9 at 2. Nor does the record suggest that Petitioner's current detention or future detention post-transfer are *per se* unlawful.

Neither Petitioner nor Respondents have attempted to reconcile her claim with the Ninth Circuit's decisions in *Pinson* and *Garland*. Petitioner contends her "non-core" conditions of confinement habeas claim is cognizable under Section 2241 but fails to cite authority for finding jurisdiction over "non-core" habeas claims affording permanent injunctive relief without an underlying possibility of release from confinement. But this position does not square with the Ninth Circuit's habeas guidance in *Pinson* and *Doe v. Garland*. As *Doe v. Garland* recently affirmed, successful claims which do "not necessarily lead to the invalidity of the custody are not at the core of habeas corpus,' and thus do not sound in habeas at all." 109 F.4th at 1193 (quoting *Pinson*, 69 F.4th at 1071).

Petitioner relies on *Innovation Law Lab v. Nielsen*, 310 F. Supp. 3d 1150 (D. Or. 2018), as support for finding jurisdiction to review "non-core" conditions of confinement habeas

ORDER DENYING PETITION FOR HABEAS
CORPUS - 7

challenges under Section 2241.[3] Dkt. 1 at ¶ 46. In *Innovation Law Lab,* a nonprofit immigration law group challenged ICE's established practice of denying immigration detainees access to counsel at the Federal Detention Center in Sheridan, Oregon ("FDC Sheridan"). *Innovation Law Lab*, 310 F. Supp. 3d at 1158. Based on the record, the court granted plaintiffs' requests for a TRO and a preliminary injunction precluding transfer of the immigration detainees away from FDC Sheridan without notice and permission from the court. *Id.* at 1166 (granting TRO); *Innovation L. Lab v. Nielsen*, 342 F. Supp. 3d 1067, 1083 (D. Or. 2018) (granting preliminary injunction).

As an initial matter, the Court notes *Innovation Law Lab* did not specifically address habeas jurisdiction under Section 2241, and *Innovation Law Lab* also preceded the Ninth Circuit's relevant decisions in *Pinson* and *Garland*. In addition, *Innovation Law Lab* is factually and procedurally distinguishable from Petitioner's claim here. First, the conditions of confinement claim in *Innovation Law Lab* sought the detainees' conditional release in the event that the challenged conditions of confinement were not remedied, thereby plausibly sounding in the "core of habeas" described by the Ninth Circuit. *See Innovation Law Lab*, ECF No. 3:18-cv-01098-SI, Dkt. 1 at 21. Second, the complaint in *Innovation Law Lab* did not seek the instant relief, *i.e.,* an order prohibiting the immigration detainees' transfer to a new facility in the complaint's prayer for relief. *Id.* To the contrary, the TRO and preliminary injunction granted by the court merely acted to preserve the status quo while the court considered the merits of the action. In contrast, the instant Petition seeks a continuing injunction for an indefinite period of time while the BIA reviews her case.

---

[3] To the extent Petitioner relies on *Innovation Law Lab* as support for finding her claim not barred by the jurisdictional provisions of the Immigration and Naturalization Act ("INA"), the Court declines to consider its jurisdiction under the INA having already found a lack of habeas jurisdiction under 28 U.S.C. § 2241.

ORDER DENYING PETITION FOR HABEAS
CORPUS - 8

As for the competing right to counsel claims, the *Innovation Law Lab* plaintiffs identified specific procedural defects at FDC Sheridan that resulted in the immigration detainees' deprivation of counsel. *Innovation Law Lab*, 342 F. Supp. 3d at 1080. Thus, the court concluded plaintiffs established a likelihood of success on the merits for both their Administrative Procedure Act and Fifth Amendment Due Process right to counsel claims. *Id.* at 1079, 1080.

Here, Petitioner's right to counsel claims fall considerably short of the Innovation Law Lab claims. Petitioner summarily alleges she "will lose the practical ability to consult with counsel, assist in the preparation of filings, review declarations or evidence, and participate meaningfully in the ongoing proceedings before the [BIA]" if transferred from NWIPC in violation of her constitutional right to counsel, Dkt. 1 at ¶ 40, 43, but she has not identified any detention center policies or factual background to support this assertion. Nor has she demonstrated that telephonic communication with counsel would be insufficient or that she would be unable attend immigration proceedings virtually if she were transferred out of the Western District of Washington.[4]

Thus, while Petitioner's potential transfer may be imminent, her allegations of future harm are markedly distinguishable from the claims in *Innovation Law Lab,* do not appear to implicate her Fifth Amendment Due Process rights, and remain highly speculative. As a result, her claims alleging unconstitutional deprivation of counsel claims are unavailing, and even if

---

[4] Petitioner relies on *Orantes-Hernandez v. Meese*, 685 F. Supp. 1488, (C.D. Cal. 1988), as holding the transfer of a represented detainee to an out-of-state facility unconstitutionally interferes with the established attorney-client relationship. Regardless, the habeas jurisdictional bar remains where Petitioner would nevertheless remain in custody if her claim succeeded. *See Herrera v. Mayorkas*, No. C24-1933-JNW-MLP, 2025 WL 2382093, at *10 (W.D. Wash. May 19, 2025), *report and recommendation adopted*, No. C24-1933-JNW-MLP, 2025 WL 2380669 (W.D. Wash. Aug. 15, 2025) ("Rather, as this district court has previously held, '[e]ven if Petitioner could show a Fifth Amendment violation, he does not establish that such a violation would justify immediate release, as opposed to injunctive relief that would leave him detained while ameliorating any unconstitutional conditions at the NWIPC.'") (quoting *Ortiz v. Barr*, 2020 WL 13577427, at *7 n.8 (W.D. Wash. April 10, 2020); *accord Doe v. Bostock*, 2024 WL 3291033, at *8 (W.D. Wash. March 29, 2024)).

ORDER DENYING PETITION FOR HABEAS
CORPUS - 9

somehow cognizable in habeas, not yet ripe. *See Brouillard v. Lyons*, No. 4:26-cv-10090-MRG, 2026 WL 497009, at (D. Mass. Feb. 23, 2026) (finding petitioner's due process claim speculative where assertions that she would likely be deprived of access to counsel or unable to participate in her criminal proceedings post-transfer were not established in the record).

In sum, Petitioner's claims are not cognizable in habeas as required under Section 2241. Petitioner has not demonstrated that release is *legally required* for her claims, irrespective of the relief requested. *Doe v. Garland*, 109 F.4th at 1194 (citing *Pinson*, 69 F.4th at 1072, 1076). Even assuming Petitioner could raise a conditions of confinement habeas claim without a possibility of release, a speculative, post-transfer deprivation of counsel claim is not yet ripe for

//

//

//

ORDER DENYING PETITION FOR HABEAS
CORPUS - 10

consideration.[5] On this record, Petitioner has not established Fifth Amendment violations entitling her to relief.

### V.    CONCLUSION

For these reasons, the instant Petition is **DENIED**.

Dated this 28th day of April, 2026.

Grady J. Leupold
United States Magistrate Judge

---

[5] The Court acknowledges that Petitioner's pre-removal detention and transfer will perpetuate and even exacerbate her current separation from her minor children, the Court nevertheless lacks jurisdiction to afford her requested relief through Section 2241 and Respondents possess the authority to act accordingly. While Petitioner claims a facility transfer that sends her further away from her children would be unnecessarily cruel, Petitioner presents no statutory or constitutional basis for limiting Respondent's authority to transfer her custody despite the resulting hardship to her and her family. *See Sarr v. Scott*, 765 F. Supp. 3d 1091, 1107 (W.D. Wash. 2025) (noting immigration detainees must establish conditions of confinement "amount to punishment of the detainee" by showing an express intent to punish or a condition that is not reasonably related to a legitimate governmental objective) (citations omitted).

ORDER DENYING PETITION FOR HABEAS
CORPUS - 11